# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 15, 2003

## STATE OF TENNESSEE v. MICHAEL DWIGHT STEWART and JAMES HENRY BROWN

### Direct Appeal from the Criminal Court for Davidson County
### No. 2001-B-1193     Steve Dozier, Judge

---

### No. M2002-02592-CCA-R3-CD - Filed February 24, 2004

---

The Appellants, Michael Dwight Stewart and James Henry Brown, appeal the sentencing decisions of the Davidson County Criminal Court. Stewart pled guilty to aggravated robbery and aggravated kidnapping and received an effective twelve-year sentence. Brown pled guilty to aggravated rape and received a twenty-four-year sentence in the Department of Correction. In this consolidated appeal, Stewart and Brown raise the single issue of whether the sentences imposed were excessive. After review of the record, the sentencing decisions are affirmed.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed.

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the Appellant, Michael Dwight Stewart; C. LeAnn Smith, Easterly & Associates, Nashville, Tennessee, for the Appellant, James Henry Brown.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In the early morning hours of March 7, 2001, the victim was walking to work at a Burger King in Nashville when she was accosted by two individuals wearing bandannas, later identified as the Appellants, Stewart and Brown. Stewart grabbed her by the arm and dragged her down an embankment and across a baseball field. Brown followed. The Appellants eventually stopped behind a privacy fence located at the rear of the Burger King. While waiting for the manager of the

Burger King to arrive and open the restaurant, Brown forced the victim to undress, raped her, and then asked, "did it feel good." After the manager arrived and entered the restaurant, the Appellants ordered the victim to walk to the back door and ring the bell in order to gain entrance into the building. The Appellants entered the restaurant, taking the victim with them. Upon confronting the manager, Stewart demanded money from the safe. The Appellants were forced to wait approximately fifteen minutes until the safe, which was set on a timer, could be opened. During this period, Stewart threatened to kill the manager if he did not hurry up. At one point during the robbery, the distinctive "racking" of a gun was heard. The Appellants took a bank deposit from Burger King, as well as the manager's wallet, credit card, driver license, and money. The manager and female victim were taken to the bathroom and told to remain there while the Appellants fled.

Although not initially recognizing her assailants, the female victim was eventually able to identify them by their voices as she had previously worked with them at the Burger King. During the search of Stewart's residence, he was found to be in possession of the manager's driver license, credit card, a large amount of cash, and a deposit slip in a Burger King bag. Stewart then gave information which led to Brown, who was likewise found with a sum of money when apprehended. A .45 pistol was recovered from the "room" which Brown occupied. Stewart admitted that he possessed a handgun during the crimes, but he claimed that it was never displayed. The handgun was provided to him by Brown.

The Appellants were jointly indicted for the crimes of aggravated kidnapping and aggravated robbery. Brown was individually charged with aggravated rape, and Stewart was charged with rape. Under the terms of their respective plea agreements, Stewart pled guilty to aggravated kidnapping and aggravated robbery, and Brown pled guilty to aggravated rape.

A sentencing hearing was held on September 26, 2002, during which the Appellants and the rape victim testified. The trial court sentenced Brown to twenty-four years in the Department of Correction.[1] The trial court sentenced Stewart to twelve years in the Department of Correction for aggravated kidnapping and ten years for aggravated robbery, which were to run concurrently.

**Analysis**

In this consolidated appeal, the Appellants each allege that the trial court erred by imposing excessive sentences. Each argues that the trial court considered inapplicable enhancement factors and failed to consider applicable mitigating factors in reaching its sentencing determination.

Our law provides that, when there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court

---

[1] Brown was sentenced as a violent offender as required by Tennessee Code Annotated Section 40-35-501(i)(1-2) (2003).

considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see also State v. Jones*, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The burden is on the Appellant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. *State v. Ashby*, 823 S.W.2d at 169; *see also* Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003). Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

**1. Michael Dwight Stewart**

Stewart pled guilty to aggravated kidnapping and aggravated robbery, both class B felonies. The appropriate sentence range for a class B felony is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (2003). The presumptive sentence to be imposed by the trial court for a class B felony is the minimum sentence within the applicable range unless there are enhancement or mitigating factors presents. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight given to each factor is left to the discretion of the trial judge. *Shelton*, 854 S.W.2d at 123.

In the present case, the trial court found that no mitigating factors were applicable to either of Stewart's convictions. The trial court applied the following enhancement factors in imposing a ten-year sentence for aggravated robbery: (1) Stewart had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) he was a leader in the commission of an offense involving two or more criminal actors; and (15) he abused a position of public or private trust. Tenn. Code Ann. § 40-35-114 (1), (2), (15) (1997).[2] In imposing a twelve-year sentence for aggravated kidnapping, the trial court found that, in addition to the above enhancement factors, enhancement factor (9), Stewart possessed or employed a firearm during the commission of the offense, was applicable. The trial court further noted that it believed Stewart had provided incorrect information in the pre-sentence report and was untruthful in his testimony before the court. On appeal, Stewart does not challenge the trial court's application of

_____

[2]Effective July 4, 2002, the statutory enhancement factors were renumbered. Tenn. Code Ann. § 40-35-114 (2003). However, to maintain consistency, we utilize the numbering of the 1997 version as did the trial court.

enhancement factor (9). However, he asserts that the remaining enhancement factors were erroneously applied and that the trial court failed to consider his potential for rehabilitation.

Stewart acknowledged that he has prior "minor criminal convictions" but argues that they should have been afforded little or no weight as an enhancement factor. The record reflects that Stewart has previous convictions for disorderly conduct, criminal trespassing, and possession of a weapon with the intent to go armed, in addition to an outstanding child support violation warrant. Misdemeanor convictions are sufficient to support application of this factor. *State v. Carter*, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995). Thus, the record clearly supports application of enhancement factor (1), and we note that the weight to be afforded each factor is within the discretion of the trial court. We find no error in the trial court's consideration of this enhancement factor.

Stewart also contends that enhancement factor (15) was erroneously applied as the record fails to establish that a "position of trust" was abused in the commission of the robbery and kidnapping offenses. The Tennessee Supreme Court has held that the determination of the existence of a position of trust does not depend on the length or formality of the relationship but upon the nature of the relationship. *State v. Kissinger*, 922 S.W.2d 482, 488 (Tenn. 1996). Thus, the sentencing court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. *Id.* If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense. *Id.*

Addressing this issue, the court stated that "[a] relationship which promotes confidence, reliability, or faith, usually includes a degree of vulnerability. It is the exploitation of this vulnerability to achieve criminal purposes which is deemed more blameworthy and thus justifies application of the enhancement factor . . . ." *State v. Gutierrez*, 5 S.W.3d 641, 646 (Tenn. 1999); *see also State v. Blackstock*, 19 S.W.3d 200 (Tenn. 2000). Accordingly, factor (15) is construed to apply only where there is evidence that the nature of the relationship between the perpetrator and the adult victim caused the victim to be particularly vulnerable. *Id.*

In applying this factor to Stewart, the trial court found:

> . . . they're both former . . . employees of this particular Burger King, . . . had knowledge, obviously - - Ms. Houston says one of them worked with her even in the opening shift - - had knowledge of the safe, how that goes about to be opened, how the manager comes in, and that they were obviously out there just, according to their testimony, coincidently at the time she's coming to work and the manager would be arriving.

We are unable to conclude that the record supports application of this factor for either of Stewart's sentences. While we acknowledge that an employer/employee or co-employee circumstance may establish a relationship of private trust, we find from the facts of this case that it does not. Here, the

-4-

record established that Stewart was a former employee of the Burger King, who worked the breakfast shift. Beyond this employee relationship, there is no evidence in the record that demonstrates a relationship which promoted confidence, reliability, or faith that created a vulnerability on the part of the victims. While Stewart may have known that the restaurant employees reported to work at 5:00 a.m., it was not his employee knowledge which gained him entrance into the building before the business opened. Indeed, neither victim initially recognized Stewart. Moreover, the record establishes that, with regard to "store opening" procedures, Stewart was not aware that the safe was on a time delay and could not be opened. Thus, we conclude that this enhancer does not apply to the robbery conviction. Because there was no "relationship" between Stewart and the female victim, this factor was clearly inapplicable to the kidnapping conviction.

Stewart next contends that the record does not support application of enhancement factor (2). It is well established that enhancement for being "a leader in the commission of an offense" does not require that Stewart be the sole leader but only that he was "a" leader. *State v. Hicks*, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993). From the record before us, it is clear that Stewart played a major role in these offenses. The record establishes that he was the first to broach the idea of a robbery. It was Stewart who first accosted the female victim and dragged her across the field, it was Stewart who possessed the firearm, and it was Stewart who remained in the office with the victims waiting for the safe to be opened. There is adequate proof to support the application of this factor.

We find no merit to Stewart's argument that the trial court failed to mitigate his sentence based upon the facts that he was a young man with a minor criminal history, expressed remorse for his crime, and had potential for rehabilitation. The trial court specifically found that Stewart had a criminal history of at least three offenses in addition to long term drug usage. Additionally, we note that "the mere speaking of remorseful words or a genuflection in the direction of remorse will not earn an accused a sentence reduction." *State v. Williamson*, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995) (citing *State v. Buttrey* 756 S.W.2d 718, 722 (Tenn. Crim. App. 1988)). The trial court found that Stewart's remorse was less than genuine and that he had lied about his knowledge of the rape. Truthfulness and accepting responsibility for one's crime are factors to be considered in assessing one's potential for rehabilitation. Such a finding, similar to assessing the credibility of a witness, is best left for determination by the trial court.

Although we find that the trial court erred in its application of one enhancement factor for both sentences, this does not necessarily require that a different sentence be imposed. Based upon the proper application of three enhancement factors and no applicable mitigating factors, we find that, upon *de novo* review, a sentence of twelve years is justified for Stewart's conviction for aggravated kidnapping. Moreover, we find that, based upon the application of two enhancement factors and no mitigating factors, a sentence of ten years is justified for Stewart's conviction for aggravated robbery.

## 2. James Henry Brown

Brown pled guilty to aggravated rape, a class A felony. The appropriate sentence range for a class A felony is fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). The presumptive sentence is the midpoint within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). The presumptive sentence is then increased for applicable enhancing factors and decreased for applicable mitigating factors. Tenn. Code Ann. § 40-35-210 (e). The trial court applied the following enhancement factors: (1) Brown had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (7) the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; (9) Brown possessed or employed a firearm during the commission of the offense; (15) he abused a position of public or private trust; and (20) he was adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed as an adult. Tenn. Code Ann. § 40-35-114 (1), (7), (9), (15), (20). Finding no applicable mitigating factors, the trial court imposed a sentence of twenty-four years. Brown contends that the trial court erroneously applied all five enhancement factors and failed to apply applicable mitigating factors. He asserts that the trial court should have placed some weight on Brown's age, use of drugs, and taking responsibility for the crime. Additionally, he argues that his remorse should have been considered in mitigation.

The trial court applied factor (1), although giving it "minimal weight," based upon Brown's two prior adult misdemeanor convictions for underage drinking. We agree with the trial court that the presence of the factor is established but entitled to little weight. With regard to factor (20), a delinquent act that would constitute a felony, the record of the Davidson County Juvenile Court was introduced and filed as an exhibit, which reflected that Brown was adjudicated as a delinquent for committing aggravated assault. The juvenile record, which contained the adjudication and other non felony type adjudications, was filed as an exhibit at the sentencing hearing without objection. Accordingly, we find application of factor (20) supported by the record.[3]

Brown asserts that factor (7) was improperly applied because there is no evidence in the record to support a finding that he committed the offense to satisfy his desire for pleasure or excitement. Pleasure or excitement is not an essential element of the offense of aggravated rape and, therefore, may be considered as an appropriate enhancement. *State v. Adams*, 864 S.W.2d 31, 35 (Tenn. 1993). Application of this factor, however, requires an inquiry into the motivation behind the Appellant's actions. *Kissinger*, 922 S.W.2d at 490. A defendant's motivation to seek pleasure or excitement may be shown through evidence of "sexually explicit remarks and overt sexual displays made by the defendant . . . or remarks or behavior demonstrating the defendant's enjoyment of the sheer violence of the rape." *State v. Arnett*, 49 S.W.3d 250, 262 (Tenn. 2001). The State has

---

[3]During Brown's cross-examination, he denied the aggravated assault adjudication. Although defense counsel acknowledged that a juvenile record is obtained based upon full name and date of birth, which is not disputed, he nonetheless, requested the opportunity to further check the records. No supplementation to the record regarding this issue has been filed.

the burden of proving that Brown was motivated by a desire to satisfy his pleasure or excitement. *State v. Spratt*, 31 S.W.3d 587, 608 (Tenn. Crim. App. 2000).

The trial court based application of this factor upon Brown's question to the victim, "did it feel good." While we would agree that Brown's comment added further indignity to the victim, this comment alone does not establish that his conduct was motivated by a desire for pleasure or excitement. Because we find the proof does not preponderate in favor of factor (7), its application is rejected.

Brown next argues that enhancement factor (9) was improperly applied because the use of the weapon was an essential element of the offense and, thus, could be used to further enhance his sentence. *See* Tenn. Code Ann. § 40-35-114. While the use of a firearm may be an element of aggravated rape, the instant indictment did not rely upon the use of a weapon but upon the circumstance that Brown was aided or abetted by one or more than one person. *See* Tenn. Code Ann. § 39-13-502 (2003). Accordingly, possession of the weapon was not an element of the offense, and the trial court was not precluded from applying this enhancement factor if the facts supported its application. Brown further argues that his possession of a weapon is not supported by the proof as it was Stewart who admittedly possessed the weapon. We conclude, however, that this fact does not preclude application of this sentencing enhancer. The weapon belonged to Brown, who had delivered it to his co-defendant for use in the robbery. In Stewart's statement to the police, he related, "I had a gun on my side the whole time . . ." and "yeah she seen the gun." The trial court found that Brown "provided it and used it in terms of scaring and accomplishing the aggravated rape he perpetrated." We agree that the weapon was used to facilitate the rape and that based upon these facts, factor (9) may be vicariously applied to Brown's sentence for aggravated rape. *See also* Tenn. Code Ann. § 39-11-402 (2003).

Brown also disputes that the record establishes the existence of factor (15), he abused a position of public or private trust in the commission of the aggravated rape. For the reasons stated in our review of the applicability of this factor to Stewart's sentences, we find that this factor was erroneously applied to Brown's sentence. In sum, we find that the proof fails to establish that a "relationship" existed between Brown and the female victim.

Lastly, we address Brown's arguments for application of mitigating factors. The record indicates that Brown was twenty years old at the time he committed the crime. He further testified that, before committing this crime, he had taken a "hit of acid." According to Brown, he had "never used drugs before." He also stated that he was "truly sorry . . . But I mean I just made a mistake."

The trial court rejected application of mitigating factor (6), finding that, although Brown was young in age, the proof did not support his assertion that "he lacked substantial judgment in committing the offense." Tenn. Code Ann. § 40-35-113(6). As has been observed, "youth is more than a chronological fact." *Eddings v. Oklahoma*, 455 U.S. 104,116, 102 S. Ct. 869, 877 (1982). The application of this mitigating factor is not determined simply by the chronological age of the

offender but, rather, upon the offender's "youth in context" of various pertinent circumstances tending to demonstrate his or her ability or inability to appreciate the nature of his or her conduct. *State v. Adams*, 864 S.W.2d 31, 33 (Tenn. 1993). This is not Brown's first contact with the law as evidenced by prior juvenile adjudications and adult misdemeanor convictions. We agree with the trial court that the proof does not support application of this mitigating factor.

As noted in our review of Stewart's sentence, the trial court made a finding that both Appellants were untruthful in their testimony to the court regarding their involvement in the crime and their expressed remorse. While expressing remorse can be considered in mitigation of the sentence, the mere expressing of remorse is not a guarantee of such consideration. *Williamson*, 919 S.W.2d at 83. We find no error in this regard.

After *de novo* review, we conclude that three enhancement factors were applicable in imposing a sentence of twenty-four years for Brown's conviction for aggravated rape. Finding that no mitigating factors were established, we conclude that a sentence of twenty-four years is justified.

## CONCLUSION

Based upon the foregoing, the sentencing decisions of the Davidson County Criminal Court are affirmed.

_____
_____ DAVID G. HAYES, JUDGE